IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MORGAN STANLEY DW, INC., | * | |
| Plaintiff/Counterdefendant, | * | |
| v. | * | CIVIL NO. RDB 05-673 |
| GEORGE L. DIVEL, III, *et al.*, | * | |
| Defendants/Counterplaintiffs. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Morgan Stanley DW Inc., ("Morgan Stanley"), a financial services firm, brought this action for interpleader, pursuant to 28 U.S.C. § 1335, to determine who should assert control and benefit from two trust accounts that are currently in its possession.[1] According to Morgan Stanley, the aggregate value of the two trust accounts is approximately $3.25 million. The two trust accounts were originally established in August 2001 by Myrtle Letas and Elsie Schaefer, sisters who passed away in January 2004 at the ages of 97 and 95 respectively. The Defendants in this action include: George L. Divel III, Jasen D. Adams, Heize-Hermann Letas, *pro se*, Klaus Kissel, *pro se*, Luise Kissel, *pro se*, and Gundula Trampenau-Letas, *pro se*.[2] Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas have also filed cross claims against George L. Divel III and Jasen D. Adams. In addition, Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas have filed counterclaims against Morgan

---

[1] Pursuant to this Court's Order entered on January 18, 2006, Morgan Stanley will place the two trust accounts in escrow.

[2] Lisa Letas was dismissed from this action without prejudice on August 24, 2005. On July 28, 2005, this Court granted Gundula Trampenau-Letas' motion to intervene as a Defendant. Gundula Trampenau-Letas is Heize-Hermann Letas' wife.

Stanley. Although filed separately by each counter plaintiff, each of the counterclaims filed against Morgan Stanley appears to be identical.[3] All of the counter plaintiffs are currently proceeding *pro se* and all live in Germany.

Morgan Stanley has moved to dismiss[4] the counterclaims filed against it by Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas pursuant to Federal Rule of Civil Procedure 12(b)(6). There has been no response to Morgan Stanley's Motion to Dismiss. For the reasons stated below, Morgan Stanley's Motion to Dismiss is granted. The counterclaims filed by Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas against Morgan Stanley will be dismissed *without* prejudice.

I.   Background

The two trust accounts at issue in this action were established by Myrtle Letas and Elsie Schaefer on or about August 2, 2001. (Compl. ¶ 12.) George L. Divel III is a former Morgan Stanley employee and was the financial advisor for Myrtle Letas and Elsie Schaefer. (Compl. ¶¶ 4, 14.) Morgan Stanley asserts that Divel's relationship and interests in the trust accounts changed significantly over time. Morgan Stanley claims that Divel ultimately obtained complete power of attorney over both Myrtle Letas' and Elsie Schaefer's affairs and a residual 75% interest in the relevant trust accounts. (Compl. ¶¶ 4, 15, 17.) Morgan Stanley further asserts that the residual interest obtained by Divel adversely affected the named beneficiaries of the trust

---

[3] Both the counterclaims and the cross claims are contained in the same document as each counter plaintiff's answer. It appears that the substance of each of these documents is virtually identical.

[4] Morgan Stanley's original Motion to Dismiss was filed on August 4, 2005 and sought dismissal of counterclaims filed by Heize-Hermann Letas, Klaus Kissel and Luise Kissel. Gundula Trampenau-Letas filed an answer, cross claims, and counterclaims after Morgan Stanley filed its original Motion to Dismiss. On August 29, 2005, Morgan Stanley filed a Motion to Dismiss the counterclaims filed by Gundula Trampenau-Letas. Morgan Stanley incorporated its previously filed Memorandum in support of its Motion to Dismiss because the counterclaims filed by Gundula Trampenau-Letas are identical to those filed by the other counter plaintiffs.

accounts, who are Heize-Hermann Letas, Gundula Trampenau-Letas[5], Klaus Kissel, and Luise Kissel.  Morgan Stanley determined that Divel's conduct related to the trusts violated firm policy and the firm terminated his employment.  (Compl. ¶ 20.)

Myrtle Letas and Elsie Schaefer were originally named and served as sole trustees of their respective trusts.  (Compl. ¶ 13.)  Morgan Stanley is not aware of any other trustee or secondary trustee being appointed to either trust.  (Compl. ¶ 13.)  The trust documents instructed that, upon the death of Myrtle Letas and Elsie Schaefer, the assets in trust were to be used to support the health and maintenance of Heinz-Herman Letas (and his spouse Gundula Trampenau-Letas) and Klaus Kissel (and his spouse Luise Kissel).  (Compl. ¶ 16).  In addition to obtaining a 75% residual interest in the trust accounts, as stated above, Divel also was empowered to appoint successor trustees upon the deaths of Myrtle Letas and Elsie Schaefer.  (Compl. ¶ 17.)  Jasen D. Adams had been receiving account statements for the trusts and has acted as a "de facto" trustee for the accounts.  (Compl. ¶ 5.)  It is unclear who is entitled to act in the capacity as a trustee for the trust accounts.  (Compl. ¶ 21.)  Morgan Stanley did not believe that either Myrtle Letas or Elsie Schaefer executed a will.  (Compl. ¶ 18.)  Heize-Hermann Letas, Gundula Trampenau-Letas, Klaus Kissel, and Luise Kissel, however, contend that both Myrtle Letas and Elsie Schaefer executed wills prior to their deaths in January 2004.

Morgan Stanley asserts that it is a disinterested stakeholder, having in its possession the two trust accounts at issue in this action.  Morgan Stanley filed this action, in part, to determine who should serve as the trustee for the trust accounts.  In addition, Morgan Stanley seeks to

---

[5] There is some information indicating that Gundula Trampenau-Letas was incorrectly listed as Lisa Letas in the trust documents.  This issue will, presumably, become more clear as this matter proceeds.

determine who should benefit from the corpus of the trust accounts. Morgan Stanley seeks to have the counterclaims filed against it dismissed because they fail to satisfy the minimum pleading requirements of the Federal Rules of Civil Procedure and fail to state a claim against Morgan Stanley.

II      Standard of Review

Morgan Stanley seeks to dismiss the counterclaims filed by Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender*

4

*v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff, in this case the counter plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). However, in considering a motion to dismiss, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180; *see also Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).

III     Discussion

As indicated above, the counterclaims filed by Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas ("Counter Plaintiffs") against Morgan Stanley are identical. The specific claim against Morgan Stanley, entitled "Claim III" under the heading "Defenses, Cross-Claims, and Counterclaims", states:

> Plaintiff Morgan Stanley has been negligent and failed to discharge its duties as personal representative under the 2001 wills of Myrtle Leta and Elsie A. Schaefer and as Trustee and custodian of the Trust(s) res and should be required to compensate the Defendant life beneficiaries for any damages and losses resulting therefrom.

Paragraph 31 of Counter Plaintiffs' Answers, under the heading "Defenses, Cross-Claims, and Counterclaims", states:

> Plaintiff Morgan Stanley has failed to discharge its duties as personal representative under the 2001 wills of Myrtle Letas and Elsie A. Schaefer and failed and refused to provide information to the life beneficiaries under the 2003 Amendment(s) of Trust concerning the res, including the administration of the estates of the decedents.

Paragraph 18 of Counter Plaintiffs' Answers, under the heading "Responses to Facts in Support of Interpleader", states:

> On information and belief it is admitted that in or about January 2004 both Myrtle Letas and Elsie Schaefer passed away. It is denied that neither had a will and is affirmatively alleged that both executed wills on or about 2 August 2001, each of which appointed Dean Witter Trust, FSB as the testators personal representative.

In asserting their couterclaims, Counter Plaintiffs fail to clearly state their theories for relief. Although only a simplified pleading standard need be met for a complaint or crossclaim to survive a motion to dismiss, "principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).[6] The Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 252 (4th Cir. 2005) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Here Counter Plaintiffs' claim is in the form of conclusory allegations. It appears that Counter Plaintiffs are trying to assert a negligence claim, and perhaps some type of fiduciary duty claim, against Morgan Stanley relating to a duty it allegedly owed under purported wills executed by Myrtle Letas and Elsie Schaefer. However, even this allegation is confusing as it is unclear if Counter Plaintiffs are exclusively alleging misconduct concerning the purported wills or also alleging misconduct concerning the trust accounts at issue in this case. Furthermore, Counter Plaintiffs have failed to provide any factual allegations concerning the wills and how they may relate to the trusts at issue

---

[6] Morgan Stanley has asserted that Counter Plaintiffs initially retained counsel to represent their interests and were assisted by counsel with their initial response to Morgan Stanley's Complaint. However, as previously noted, Counter Plaintiffs are now proceeding *pro se.*

in this case.  Furthermore, Counter Plaintiffs have failed to include any facts supporting their claims for relief against Morgan Stanley.  For example, to establish a claim for negligence under Maryland law, a party must first allege: (1) that the defendant was under a duty to protect the plaintiff from injury; (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss; and (4) that the loss or injury promptly resulted from the defendants' breach of duty.  *Baltimore Gas & Electric Co. v. Flippo*, 348 Md. 680, 700, 705 A.2d 1144, 1153-54 (1998) (internal citation omitted).  Counter Plaintiffs have neglected to allege how Morgan Stanley failed to discharge its alleged obligations under the wills and trusts.  Although Counter Plainitffs complain that Morgan Stanley "failed and refused to provide information to the life beneficiaries under the 2003 Amendment(s) of Trust" there are no factual allegations describing when the information was requested, how Morgan Stanley refused to provide such information, or what affect the lack of information had on the Counter Plaintiffs.  Even though Counter Plaintiffs state that Morgan Stanley "should be required to compensate the Defendant life beneficiaries for any damages and losses resulting therefrom" there is no legal or factual allegation that there has been any damage to Counter Plaintiffs as a result of Morgan Stanley's conduct.

As a result of these deficiencies, Counter Plaintiffs have not met the requirements of Federal Rule of Civil  Procedure 8(a)(2) by providing a short and plain statement of its claim showing that they are entitled to relief.  Without such a statement, Morgan Stanley has not been provided with fair notice of Cross Plaintiffs' claims and the grounds upon which the claims rest.  Therefore, Morgan Stanley's Motion to Dismiss the counterclaims filed by Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas is granted.

IV     Conclusion

For the reasons stated above, Morgan Stanley's Motion to Dismiss the counterclaims filed by Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas is granted. The counterclaims against Morgan Stanley are dismissed *without* prejudice. A separate Order will follow.


Date: January 19, 2006                                    /s                                              
                                                          Richard D. Bennett
                                                          United States District Judge