IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MORGAN STANLEY DW, INC., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. RDB 05-673 |
| GEORGE L. DIVEL, III, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>MEMORANDUM OPINION & ORDER</u>

Jasen D. Adams, a Defendant and Cross-Claim Defendant, has filed a Motion to Dismiss or for Summary Judgment pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. Adams contends that he should be dismissed from this action for Interpleader because he is neither a stakeholder or claimant. He further contends that the cross-claim filed against him by Heize-Hermann Letas, *pro se*, Klaus Kissel, *pro se*, Luise Kissel, *pro se*, and Gundula Trampenau-Letas, *pro se* should be dismissed because it seeks to have Adams discharged as trustee, a position Adams claims not to hold. Although neither Heize-Hermann Letas, Klaus Kissel, Luise Kissel, nor Gundula Trampenau-Letas have responded to Adams' Motion, both co-defendant George L. Divel III and Plaintiff Morgan Stanley DW Inc., ("Morgan Stanley") have filed responses in opposition to his Motion. For the reasons stated below, Adams' Motion to Dismiss is GRANTED.

I    <u>Relevant Background</u>

The following facts are viewed in the light most favorable to the non-moving party. Morgan Stanley, a financial services firm, brought this action for interpleader to determine who

should assert control and benefit from two trust accounts that are currently in its possession.[1] According to Morgan Stanley, the aggregate value of the two trust accounts is approximately $3.25 million. With the assistance of a former Morgan Stanley employee, Defendant Geroge L. Divel III, the two trust accounts were originally established in August 2001 by Myrtle Letas and Elsie Schaefer, sisters who passed away in January 2004 at the ages of 97 and 95 respectively.

Myrtle Letas and Elsie Schaefer were originally named and served as sole trustees of their respective trusts. (Compl. ¶ 13.) Morgan Stanley is not aware of any other trustee or secondary trustee being appointed to either trust. (Compl. ¶ 13.) The trust documents instructed that, upon the death of Myrtle Letas and Elsie Schaefer, the assets in trust were to be used to support the health and maintenance of Heinz-Herman Letas (and his spouse Gundula Trampenau-Letas)[2] and Klaus Kissel (and his spouse Luise Kissel). Compl. ¶ 16.) Over time Divel obtained a 75% residual interest in the trust accounts and obtained a power of attorney for the trusts. (Compl. ¶¶ 4, 15, 17.) He also was empowered to appoint successor trustees upon the deaths of Myrtle Letas and Elsie Schaefer. (Compl. ¶ 17.) Jasen D. Adams had been receiving account statements for the trusts and has acted as a "de facto" trustee for the accounts. (Compl. ¶ 5.) It is unclear who is entitled to act in the capacity as a trustee for the trust accounts. (Compl. ¶ 21.)

II      Standard of Review

Jasen D. Adams seeks to be dismissed from this Interpleader action pursuant to Rule

---

[1] Pursuant to this Court's Order entered on January 18, 2006, Morgan Stanley will place the two trust accounts in escrow.

[2] There is some information indicating that Gundula Trampenau-Letas was incorrectly listed as Lisa Letas in the trust documents. This issue, presumably, will be clarified during the discovery phase of this case.

12(b)(6) of the Federal Rules of Civil Procedure. As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).

III    Discussion

Morgan Stanley brought this action to settle competing claims pertaining to the control of

the trust accounts discussed above and the distribution of the trusts' assets.  (Compl. § 2.)  Adams states in his Motion to Dismiss that he had been retained as an attorney for Divel in the past and had performed work on various issues for him, both individually and for corporations owned by him.  Adams claims that he was never appointed trustee for the trusts at issue in this case and never accepted appointment as trustee of the trusts in this case.  To support these statements and in support of his motion, Adams attaches an affidavit from himself stating various facts asserted in his motion.  This Court, however, declines Adams invitation to rely upon this Affidavit and convert his motion to dismiss to one for summary judgment.  Morgan Stanley's Complaint alleges that Adams had been receiving account statements for the trusts and has acted as a "de facto" trustee for the accounts.  (Compl. ¶ 5.)[3]  Although Adams denies being a trustee, at this stage of the proceeding, the court must disregard the contrary allegations of the opposing party.  *See A.S. Abell Co.*, 412 F.2d at 715.

Adams also argues that he must be dismissed from this action as a matter of law because he is neither a stakeholder nor a claimant, pursuant to Rule 22 of the Federal Rules of Civil Procedure, which discusses interpleader actions.[4]  "Interpleader, whether statutory or under Rule 22 . . . , affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy

---

[3] Divel's Answer to Morgan Stanley's Complaint states that: "Divel admits that Defendant Adams has been receiving trust account statements.  Divel denies the characterization of Defendant Adams as the "de facto" trustee and asserts that Defendant Adams is the Trustee of the Grantor Revocable Trusts established by Myrtle Letas and Elsie A. Schaefer.  Divel is without sufficient knowledge or information as to Defendant Adams' residency to admit or deny this allegation, and therefore denies the same."  (Ans. ¶ 5.)

[4] It is unclear from Morgan Stanley's Complaint whether it is pursuing a statutory interpleader claim, pursuant to 28 U.S.C. § 1335, or an interpleader claim under Fed. R. Civ. P. 22.  However, this ambiguity does not affect the Court's analysis of this issue or its jurisdiction over this matter.

his obligations in a single proceeding." 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1704 (2001).  To be a claimant, one must assert an interest in the fund that is the subject of the interpleader action.  *See Allstate Ins. Co. v. McNeill*, 382 F.2d 84, 86 (4th Cir. 1967), *cert. denied*, 392 U.S. 931 (1968) (noting that the insured's "estate had no claim whatsoever against the deposit, and hence it was not one of the 'adverse claimants' contemplated by the statute, 28 U.S.C. § 1335."); *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 956 (7th Cir. 1984) (finding that interpleader was not justified when, despite an argument by the Colts' football organization that it is unfair for the City of Indianapolis to lose the team by another city's condemnation suit, . . . the Capital Improvement Board of Managers of Marion County, Indiana and Baltimore did not have conflicting claims over a single stake). While Morgan Stanley's Complaint alleges that Adams was a trustee to the trust accounts, it contains no allegation that he has a claim, let alone a reasonable claim, to the assets in the trusts. *See Indianapolis Colts*, 741 F.2d at 957 ("Only reasonable legal claims can form the adversity to the plaintiff necessary to justify interpleader.").  Therefore, Adams cannot be considered a claimant and, as a result, is not a proper defendant to this Interpleader action.

Alternatively, Morgan Stanley argues that Adams is a proper defendant because he is an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.[5] In support of

---

[5] Fed. R. Civ. P. 19(a), entitled "Persons to be Joined if Feasible", states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a

this contention, Morgan Stanley argues that in this case there is "a central factual issue as to who previously served as trustee and who should serve as trustee in the future." (Morgan Stanley's Resp. at 5.) The central issue in this action is the determination of the rightful beneficiaries of the trusts' assets. To resolve this issue it is not crucial to include as defendants all parties that may have acted as a trustee to these trusts in the past.[6] Furthermore, the determination of who may serve as a trustee in the future turns on who has the power under the trust agreements to rightfully name a trustee. There is no contention by Morgan Stanley that Adams has such authority, nor does Adams assert such authority. Furthermore, it is noteworthy that this Court's Order of January 18, 2006 stated that this Court will appoint a temporary trustee for the duration of this action, unless the parties are able agree to a temporary trustee within 30 days of that Order. Therefore, this Court must dismiss Adams from this action, as he is not a proper defendant.

The Court need not reach Adams' argument to dismiss the cross-claims filed against him by Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, "[a] pleading may state as a cross-claim any claim by one party against a *co-party* arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g) (emphasis added). As a result of this Court's determination that Adams is not a proper defendant to this Interpleader

---

proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

[6] As noted *infra* at note 7, this Court is making no determination concerning the legitimacy of any possible future allegations against Adams of misconduct related to his involvement with the trusts that may be brought in another lawsuit.

action, he is no longer a "co-party" to the other defendants. As a result, Rule 13(g) cannot be employed to assert a cross-claim against Adams in this case.[7]

IV      Conclusion

For the reasons stated above, Jasen D. Adams' Motion to Dismiss (Paper No. 33) is GRANTED, and Jasen D. Adams is hereby DISMISSED with prejudice as a Defendant named in Morgan Stanley's Interpleader Complaint. The Clerk shall transmit copies of this Memorandum Opinion and Order to counsel for the parties and to the *pro se* Defendants.

/s/
Richard D. Bennett
United States District Judge

---

[7] This is not to conclude that Heize-Hermann Letas, Klaus Kissel, Luise Kissel, and Gundula Trampenau-Letas have no potential causes of action against Adams concerning his possible involvement with the trust accounts (*e.g.*, negligence, breach of fiduciary duties, fraud), but any such potential claims cannot be asserted in this Interpleader action.